THOMAS  W.  POWELL  *vs.*  PARIS  T.  CARLISLE,  JR.

*Motion to Quash—Scire Facias—Mechanics' Lien—Time for filing Claim—Affidavit.*

1.    The affidavit required to be made and filed with the plaintiff's statement, in mechanics' lien proceedings, may be made within 90 days after the completion of the work and labor performed and delivery of materials, and the plaintiff is not required to wait until the expiration of such time before making the affidavit.

Case of *Miller vs. Hart*, 3 *Penn.* 279, distinguished.

(*June* 29, 1909.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Robert P. Davis* for plaintiff.

*Robert C. White* for defendant.

Superior Court, Sussex County, June Term, 1909.

SCI. FA. SUR. LE MECHANICS' LIEN (No. 1 June Term, 1909).

PENNEWILL, C. J., delivering the opinion of the Court:

The Court have very carefully considered this question over night, and have reached a conclusion in which we feel quite clear.

This is a motion to quash the *scire facias* upon a mechanics' lien issued in this case and is based upon the following ground; that while the statement of plaintiff's claim should have been filed, as it was, within the thirty days after the expiration of the ninety days after the completion of the work and labor performed and delivery of materials, the affidavit required to be made by the plaintiff to the truth and correctness of the claim and of the facts stated therein, and filed with the said statement, is insufficient because it was made within the ninety days after the completion of the work and labor performed and the delivery of materials.

We understand the defendant to admit that such affidavit could have been properly made at any time during the thirty days after the ninety days after the completion of the work and labor performed or delivery of materials, because the plaintiff's right to his remedy by *scire facias* had then accrued, but that no such right could accrue prior to the expiration of the ninety days.   And he relies upon the case of *Miller vs. Hart*, 3 *Pennewill* 279, in which this Court held that an affidavit of demand could not be made prior to the institution of the suit in which it is filed.

We think that that case is not at all analogous to the present one.   Certainly the reason upon which it was based does not exist in the case now before us.   It is admitted here that the affidavit could be made prior to the docketing of the  *scire facias* provided it was within the thirty days within which  such *scire facias* could be issued.   We can see no reason why an affidavit could not be made at any time after the completion of the work or delivery of materials, for the recovery of the value of which the *scire facias* is brought.   The plaintiff then had a right of action against the defendant although the time had not yet arrived for his invoking the special  remedy of *scire facias* provided  by the statute.

We decline to quash the *scire facias* sur le mechanics' lien upon the ground of the insufficiency of the affidavit filed.